UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK DAVID,

                    Petitioner,

        – *against* –

UNITED STATES OF AMERICA,

                    Respondent.

**OPINION & ORDER**

18 Civ. 3896 (ER)
12 Cr. 214 (ER)

RAMOS, D.J.:

        Mark David petitions under 28 U.S.C. § 2255 to vacate the 120-month sentence handed down by this Court after he entered a plea of guilty to possession of a firearm in furtherance of drug trafficking — a violation of 18 U.S.C. § 924(c).  He does not challenge the consecutive 70-month sentence handed down for his guilty plea to conspiring to distribute cocaine and marijuana in violation of 21 U.S.C. § 846.  The judgment in this case was imposed on December 29, 2014.  *See* 12 Cr. 214, Doc. 370. For the following reasons, his petition is DENIED.

        Section 2255 allows for the vacation of a sentence if it was imposed in violation of the Constitution or an Act of Congress.  David argues that his sentence under Section 924(c) was unlawful because it does not state an offense against the United States — rather, it simply describes a penalty enhancement.  In support, he points to the title of the section, "Penalties," and the Supreme Court's counsel in *Almendarez-Torres v. United States* that the Government "need not set forth [in an indictment] factors relevant only to the sentencing of an offender found guilty of the charged crime,"  523 U.S. 224, 228 (1998).  There are two issues with David's argument, both of which are fatal to his petition.

        *First*, David's petition is time-barred.  Petitions brought under Section 2255 have a one-year statute of limitations, which begins to run from the later of when judgment

was imposed, when a legal impediment to filing was removed, when the Supreme Court newly recognizes a right, or when new facts arise that support the petitioner's claim. § 2255(f).  Judgment was imposed in December 2014, and, therefore, his time to petition expired in December 2015, nearly four-and-a-half years ago.  Given that David has pointed to no other event meriting an extension of the statute of limitations, his petition is independently denied on this basis.

*Second*, even if not time-barred, David's petition is entirely without merit.  Even though Section 924 is indeed entitled, "Penalties," it is well established that "the title of a statute and the heading of a section cannot limit the plain meaning of the text." *Brotherhood of R. R. Trainmen v. Baltimore & O. R. Co.*, 331 U.S. 519, 528–29 (1947). Section 924(c) provides:

> that any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall . . . be sentenced to a term of imprisonment . . . .

18 U.S.C. § 924(c)(1)(A)(i).  This provision "defines a complete offense . . . ."  *Dean v. United States*, 556 U.S. 568, 572 (2009); *see also United States v. Lawrence*, 928 F.2d 36, 38 (2d Cir. 1991) ("Section 924(c)(1) makes it unlawful, *inter alia*, to use or carry a firearm during and in relation to a federal drug trafficking crime . . . .").  Accordingly, when he pleaded guilty, David pleaded guilty to a substantive offense against the United States, not a mere penalty provision.

For these reasons, David's petition is DENIED.  Furthermore, because David has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438,

444–45 (1962).  The Clerk of Court is respectfully directed to terminate any open motions and close the civil case, 18 Civ. 3896.

It is SO ORDERED.

Dated:    April 15, 2020
          New York, New York

_____
          EDGARDO RAMOS, U.S.D.J.


Copies Mailed/Faxed
Chambers of Edgardo Ramos